Mr. Chief Justice Cartter
dissenting :
There are two things unembarrassed in this case, and not inconsistent with each other. One is, that the defendant was a feme covert with a separate estate. There is no trouble about this ; where it was and what it was is another question. And she had been advanced, under the law, to the condition of a feme sole, in dealing with her separate estate. That proposition is also unembarrassed. The plaintiff in *125 this case sold her this furniture upon the credit of her separate estate, and she took it — it was delivered to her and she took a part of it to her house upon Sixth street and a part of it to her house upon Corcoran street — whatever title she held it by. She said it was her separate property, and upon the faith of that declaration she obtained the furniture in question, and in my opinion the logic involved in the power to make a contract makes the party to it amenable to all the intendments of the law, whether male or female, feme covert or feme sole; that the philosophy of privilege and of conduct necessarily blends with the administration of justice when you have a party capable of making a contract ; that there is no new set of rules to_ control rights of femes covert enlarged to the condition of femes sole as peculiar to them, but they assume with their right all of the obligations of the law, and to the parties with whom they contract, as effectually as though they were of the masculin'e gender.
It is a masculine act; it is the exercise of masculine authority over property, and it never entered into the contemplation of the law that there was to be a new mode of administering rights under it. This being so, this woman applied to the plaintiff to buy his goods for and on account of her separate estate ; she got them ; she has them now ; and the question is, whether they shall be charged, not upon her husband, but upon her separate estate, that has been enlarged and enriched out of the substance of the plaintiff:'. It has become a very interesting issue in this case what the precise degree of the title to her property is, whether equitable or legal, valid or void, and we are introduced into an equity examination to determine the real character of the title. Now does this law contemplate any such thing ? Does it contemplate, in a transaction over personal property, where one party applies to another to buy or sell, that the coprt, in ascertaining whether she is liable as a feme sole or not, shall ascertain - whether the t’s are crosséd in the deed that constitutes -the title to her property, or whether it is by leasehold, or whether it can be enforced in a court of equity ? She said it was her property and she was in the *126 occupation of it as a domicile ; the furniture went to that domicile and was employed by her there ; why not believe her! The law would compel you to believe a man, why not believe a feme sole? The law would not permit a man, after buying property on account of other property, to say to the party that he purchased it of, “My title is not very good-to this property ; in fact, I haven’t got any ; it is only a possessory title that I have, and I am liable to be turned out at any time by process of law.” Now the law would not listen for a moment to a man with that plea ; the law would say to him, “You said it was your property ; you lived in it and occupied it; you took the plaintiff’s goods into it as your separate property, and the law will not permit you to deny it.” Now, I cannot discover, with all the reflection I have given the subject, why the same rule should not apply to this case. I do not understand why a woman should be permitted to deny with impunity when a man may not.
I think the doctrine of estoppel is applicable in this case, although it may be that the justice below laid down the rule a little too broadly, for this court has said — and I think properly — that the contract which a feme covert is enabled to make must relate to her separate estate. The purchase of furniture would relate to it; the purchase of a halter for a horse or oats to feed him would relate to it; tools for a farm would relate to it, because they enter into the enjoyment — the occupation of the property. B ut it seems to be indicated in the charge of the court below, that it is only necessary to show that she'said the purchase was on account of her separate estate, and that she would be estopped by that declaration. Perhaps this is carrying the rule beyond what has been held by the court, and beyond the intendment of the statute ; but it did not affect the merits of this case, for here you have a separate estate revealed to the court. It matters not whether it was on Sixth street or Corcoran street where one part of this furniture went and where another part went; here you have the property in esse. I care not what the estate is, whether it is a possessory estate or a leasehold estate, provided it is a separate estate, and *127 where that is shown then any declaration of the party inconsistent with the existence of that estate' comes with all the obligation that it does upon anybody else. These are the considerations that advise my dissent to this opinion.